IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE CLARENCE WEST, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-138 |
| ) | |
| PARDON AND PAROLE BOARD ) | |
| MEMBERS, et al., ) | |
| ) | |
| Defendants. ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiff, who is currently incarcerated at Macon State Prison, in Oglethorpe, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

___

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee. As the Court will proceed to screen Plaintiff's complaint, his objection to the Court's Order directing him to pay his

## I. BACKGROUND

Upon review of Plaintiff's amended complaint,[2] the Court finds the following. Plaintiff names the following Defendants: (1) the Pardon and Parole Board Members ("Parole Board"); (2) the Georgia Department of Corrections ("GDOC"); (3) Hubert McCrae, Correctional Officer; (4) Claude Wade, Investigator; and (5) Leah Mae Lewis, a parole officer. (Doc. no. 11).

Plaintiff states that in 1994, he was paroled from a life sentence that was imposed in 1974. (Id. at 13). Plaintiff believes that he completed service of this 1974 life sentence in 1994, after he had completed twenty-one consecutive years of confinement. (Id.). Thus, Plaintiff argues that as of 1994, Defendant Lewis has been improperly supervising him on parole, because, according to him, he finished serving his sentence in 1994. (Id. 13-15). Plaintiff alleges that in November 2009, Defendants Lewis and Wade falsified and fabricated information claiming that Plaintiff had violated his parole conditions, resulting in his parole being revoked. (Id. at 13). Plaintiff argues that as a result of the actions of Defendants Lewis and Wade during his parole revocation process, various of his Constitutional rights were

---

initial filing fee should be deemed moot. (Doc. no. 10).

[2]Plaintiff filed an amended complaint on March 31, 2010. (Doc. no. 11). Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a). As the complaint has not yet been screened and therefore has not been served on any Defendant, Plaintiff may amend his complaint as a matter of right. The amended complaint supersedes and replace in its entirety the previous complaint filed by Plaintiff. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Thus, the Court will screen Plaintiff's amended complaint. (Doc. no.11).

violated. He further argues that as a result of his improper parole revocation, he is being illegally confined. (Id. at 15).

Next, Plaintiff provides that the GDOC sent him a "sentencing computation report" dated November 12, 2009, that Plaintiff received in January 2010. This "sentencing computation report" informed Plaintiff that he had been re-sentenced to "life with parole," as well as that he was convicted on two counts of murder, under indictment 2311 in Burke County, Georgia, dating back to January 20, 1973. (Id. at 19). Plaintiff contends that the November 2009 "sentencing computation report" subjected Plaintiff to "nefarious ex post facto treatment." (Id. at 20). He further contends that the GDOC prepared the report "for retaliatory reasons." (Id. at 20). Notably, Plaintiff does not explain why the GDOC was allegedly retaliating against him. Concerning the Parole Board, Plaintiff argues that its members have not required any other offender sentenced to life in 1974 to serve twelve years on parole, especially when the offender has remained a "law-abiding" citizen for over seven years. (Id. at 25). Plaintiff further argues that the Parole Board members knew or should have known that Plaintiff's life sentence was completed in January 1994, after he had served 21 years as "mandated by Georgia Law." (Id.).

Next, Plaintiff complains about his conditions of confinement. Plaintiff notes that he was originally incarcerated at Augusta State Medical Prison, but was then transferred to Georgia Diagnostic and Classification State Prison ("GDCSP"). (Id. at 7). According to Plaintiff, while at GDCSP, Defendant McCrae used excessive force against him, "verbally abused him," and falsified a disciplinary report. (Id. at 6, 16 - 18). Plaintiff also maintains

3

that because Defendants Lewis and Wade allegedly falsified the reason for his parole revocation that resulted in his current incarceration, they too are responsible for any injury he received from Defendant McCrae.

Plaintiff seeks a declaration from the Court that his "re-imprisonment" was unconstitutional and must be immediately ended, and he seeks monetary damages resulting form his allegedly unconstitutional parole status. (Id. at 11).

## II. DISCUSSION

### A. Defendants Not Named in the Amended Complaint

As explained *supra*, in note 2, the amended complaint supersedes any previously filed complaint. Malowney, 193 F.3d at 1345 n.1. Upon review of the amended complaint, the Court finds that Plaintiff no longer names two of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants (1) the Chief of the Louisville Parole Office and (2) the Commissioner of the GDOC, these two Defendants should be dismissed from this lawsuit.

### B. 42 U.S.C. § 1983 Claim

Liberally construing Plaintiff's allegations concerning his parole status in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a viable § 1983 claim.[3] The Supreme Court has

---

[3]The Court will address Plaintiff's claims concerning the conditions of his confinement *infra*.

held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction or confinement is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); see Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512

U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 483.

Here, Plaintiff complains that Defendant Lewis's supervision of him on parole was improper, as he had completed service of his life sentence in 1994. Additionally, Plaintiff complains that the actions of Defendants Lewis and Wade led to Plaintiff's alleged improper "re-sentencing." According to Plaintiff, he should be immediately released, and these alleged unlawful actions should be grounds for his recovery of monetary damages. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper imprisonment are not actionable in this § 1983 suit.

Furthermore, to the extent Plaintiff challenges his parole, his parole supervision, and/or the decision to revoke his parole, he is attacking the execution of his sentence. As such, it appears that Plaintiff actually is seeking relief pursuant to 28 U.S.C. § 2241.[4] See

---

[4]The Court is aware that an action seeking declaratory or injunctive relief regarding parole *procedures*, as opposed to an attempt to attack the validity of a parole board's decision, may lie under 42 U.S.C. § 1983 rather than § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). However, Plaintiff complains of the validity of the Parole Board's decision, in that they kept him on parole past his sentence, which resulted in sending him back to prison. Furthermore, he seeks his immediate release from a more restrictive level of confinement--relief which "lies at the core of habeas corpus." Id. at 82. Accordingly, his petition is "governed by both 28 U.S.C. § 2241 and 28 U.S.C. § 2254." Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir. 2004).

Lopez v. Davis, 531 U.S. 230, 236 (2001) (considering a § 2241 petition challenging the Bureau of Prison's eligibility rules for participation in a drug treatment program); see also Jones v. Cunningham, 371 U.S. 236 (1963) (parole conditions amount to "custody" so parolee may attack his conviction by habeas petition); Dill v. Hold, 371 F.3d 1301, 1303 (11th Cir. 2004) (requiring a state prisoner using § 2241 to attack a parole revocation proceeding to exhaust available state remedies); Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 638 (11th Cir. 1990) (stating if a state prisoner attacks the fact or length of his confinement, the appropriate action is a petition for a writ of habeas corpus, but if prisoner seeks only prospective injunctive relief or damages, he does not have to seek habeas corpus relief). Thus, for Plaintiff to go forward with this claim, he would have to file a petition pursuant to 28 U.S. C. § 2241 in a new case in the proper court.[5]

### C. Conditions of Confinement Claim

#### 1. Claims Against the GDOC

The Court turns next to Plaintiff's claims against the GDOC. Plaintiff asserts that the GDOC provided him with a copy of a "sentencing computation report" that provided that Plaintiff had been re-sentenced. Plaintiff indicates that this document was dated November 12, 2009, but was not received by him until January 2010. According to Plaintiff, this discrepancy in dates somehow indicates that the GDOC was retaliating against him.

---

[5]However, Plaintiff should note that an attempt to challenge the decision of a state parole board is subject to the provisions of 28 U.S.C. § 2254. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (*per curiam*) (federal habeas petition challenging state parole revocation subject to AEDPA one-year statute of limitations); Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir. 2004) (petition challenging state parole board's determination regarding parole eligibility subject to § 2254).

7

Notably, however, Plaintiff does not indicate who was responsible for preparing this document and getting it to Plaintiff, but more importantly, concerning the retaliation, Plaintiff does not indicate why the GDOC was allegedly retaliating (i.e., Plaintiff never provides what his "protected act" was). Thus, Plaintiff does not allege how any named individual's actions contributed to a constitutional violation.

Notably, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Here, Plaintiff has named an entity, not a particular person, as the alleged wrong-doer. Furthermore, Plaintiff's allegations of wrongdoing against the GDOC are vague, at best, as he does not indicate how the "sentencing computation report" or his delayed receipt of the "sentencing computation report" violated any constitutional right. Additionally, as previously noted, Plaintiff never indicated for what the GDOC was supposedly retaliating against him. As vague and conclusory allegations are not sufficient to state a claim, see Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim), Plaintiff's allegation against the GDOC fails.

Moreover, Plaintiff fails to explain how the GDOC – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of the

actions of a specific individual. Finally, although Plaintiff has named the GDOC as a Defendant, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Stevens, 864 F.2d at 115 (Georgia Department of Corrections is protected from suit by Eleventh Amendment). Thus, Plaintiff has not asserted any viable claims against the GDOC.

### 2. Claims Occurring at GDCSP

Plaintiff's amended complaint details allegations of excessive force by Defendant McCrae that occurred at GDCSP. However, GDCSP is located in Jackson, Butts County, Georgia. Butts County falls within the jurisdiction of the United States District Court for the Middle District of Georgia. See 28 U.S.C. § 90(b)(2). As the alleged Eighth Amendment violations occurred at GDCSP took place in the Middle District of Georgia, the proper venue for these claims is in that District. See 28 U.S.C. § 1391(b). Accordingly, Plaintiff's claims arising at GDCSP, should be dismissed without prejudice so that Plaintiff may, if he chooses, bring those claims in the United States District Court for the Middle District of Georgia.

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's objection to the

March 11, 2009 Order (doc. no. 10), be deemed **MOOT**, that Plaintiff's claims concerning his parole status and the alleged retaliation by the GDOC be **DISMISSED** for failure to state a claim upon which relief can be granted, that Plaintiff's the claims arising at GDCSP concerning the conditions of confinement be **DISMISSED** without prejudice so that Plaintiff may, if he chooses, bring those claims in the United States District Court for the Middle District of Georgia, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of April, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE